IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RICHARD JEFFREY LAUDE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:10-0185 |
| | ) | Judge Nixon |
| v. | ) | Magistrate Judge Griffin |
| | ) | |
| JIMMY D. KNOWLES, individually, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff Richard Jeffrey Laude's ("Plaintiff") Motion to Place Case on Administrative Hold or Inactive Status ("Plaintiff's Motion). (Doc. No. 11.) Defendant Jimmy D. Knowles ("Defendant") filed a Memorandum in Opposition. (Doc. No. 12.) Also pending before the Court is Defendant's Motion for Summary Judgment and supporting papers ("Defendant's Motion") (Doc. Nos. 3-6), to which Plaintiff filed a Response (Doc No. 8) and Defendant filed a Reply (Doc. No. 9). For the following reasons, Plaintiff's Motion is **DENIED** and the Complaint is **DISMISSED without prejudice**. Defendant's Motion is **DENIED as moot**.

I.    BACKGROUND

On February 24, 2010, Plaintiff filed the instant Complaint under 28 U.S.C. § 1983, alleging violations of his Fourth Amendment rights stemming from an October 4, 2008 traffic

-1-

stop conducted by Defendant, who was employed as a Tennessee State Trooper at the time. (Doc. No. 1.) Before filing the current action, on October 2, 2009, Plaintiff filed a claim with the Division of Claims for damages arising out of the October 4, 2008 traffic stop incident. (Doc. No. 5, 8-1.) The Division of Claims transferred Plaintiff's claim to the Tennessee Claims Commission ("Commission") on December 20, 2009; said claim is still pending before the Commission. (Id.)

On March 15, 2010, Defendant filed a Motion for Summary Judgment, asking the Court for judgment as a matter of law because pursuant to Tenn. Code Ann. § 9-8-307(b), Plaintiff waived any federal cause of action against Defendant by filing a claim against the State. (Doc. No. 3.) Plaintiff responds that the Commission must determine whether or not Defendant's action was committed within the scope of his employment before the Court should dismiss his federal claim. (Doc. No. 8.) Additionally, Plaintiff filed a separate motion requesting that the Court place the case on administrative hold or inactive status pending the Commission's ruling. (Doc. No. 11.) Defendant opposes that Motion, contending that the proper procedure under Sixth Circuit case law is for the Court to dismiss Plaintiff's claims without prejudice pending the outcome of the Commission. (Doc. No. 12.) For the following reasons, the Court agrees.

## II. ANALYSIS

### i. *Plaintiff's Motion to Place Case on Administrative Hold or Inactive Status*

Plaintiff asserts the appropriate procedure, following <u>White by Swafford v. Gerbitz</u>, 860 F.2d 661 (6th Cir. 1986), would be for the Court to place the case on administrative hold until the Commission rules on whether Defendant's actions were committed within the scope of his employment. Defendant responds that the Court should rather dismiss the claim without

prejudice, and allow Plaintiff to re-file upon a ruling by the Commission.

Tennessee Code Annotated § 9-8-307(b) states:

> Claims against the state filed pursuant to subsection (a) shall operate as a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee. The waiver is void if the commission determines that the act or omission was not within the scope of the officer's or employee's office or employment.

Tenn. Code Ann. § 9-8-307(b) (2005). The claims filed pursuant to subsection (a) are those monetary claims based on the acts or omissions of "state employees" over which the Tennessee Claims Commission has exclusive jurisdiction. Tenn. Code Ann. § 9-8-307(a).

Plaintiff cites White for the general proposition that the Court should place a hold on Plaintiff's federal claims pending the outcome of the Commission's decision on whether or not Defendant's actions fell within the scope of his employment with the State. However, in that case the Sixth Circuit held that the district court erred in not dismissing the plaintiff's federal claims without prejudice, pending the claims commission's ruling. 860 F.2d at 665. Plaintiff's claim before the Commission and claim before this Court arise out of the same set of facts and circumstances, therefore the federal claim must be dismissed pending the outcome of the Commission's determination. See Mirabella v. Univ. of Tenn., 915 F. Supp. 925, 926 (E.D. Tenn. 1994) (dismissing the plaintiff's claims per White); Haley v. Univ. of Tenn., 188 S.W.3d 518, 524 (Tenn. 2006) (waiver provision of § 9-8-307(b) activated upon filing of the claim, even if the claim is later voluntarily withdrawn or non-suited).

Therefore, Plaintiff's Motion is **DENIED**. Plaintiff's Complaint is hereby **DISMISSED without prejudice**. If, however, the waiver provision of the Tennessee statute is not invoked due to Defendant's actions being deemed outside the scope of his employment, then Plaintiff

may move to reopen this case **within sixty (60) days** of the final adjudication by the Commission.[1]

    *ii.*    *Defendant's Motion for Summary Judgment*

Defendant's Motion for Summary Judgment requesting judgment as a matter of law under Tenn. Code Ann. § 9-8-307(b) is therefore **DENIED as moot**.

## III. CONCLUSION

Plaintiff's Motion to Place Case on Administrative Hold or Inactive Status is therefore **DENIED** and the case is **DISMISSED without prejudice** to re-file upon the Commission's determination. Defendant's Motion for Summary Judgment is **DENIED as moot**.

It is so ORDERED.

Entered this the \_\_\_20th\_\_\_ day of April, 2010.

                                                           /s/ John T. Nixon
                                                           JOHN T. NIXON, SENIOR JUDGE
                                                           UNITED STATES DISTRICT COURT

---

[1] The court in <u>White</u> also observed that the statute of limitations on Plaintiff's federal cause of action is tolled in the interim. 860 F.2d at 665.